## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GABRIELLE CHATHAM,**

> **Plaintiff,**                    **Case No.:**

**v.**

**CHINLE DEVELOPMENT, INC.,**
**d/b/a OPAL SANDS RESORT and**
**TODD HOLENDER, Individually,**

> **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, GABRIELLE CHATHAM, by and through her undersigned counsel and sues the Defendants, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT and TODD HOLENDER, (hereinafter referred to as "OPAL SANDS" or "DEFENDANTS", collectively) and states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, GABRIELLE CHATHAM, is an adult resident of Pinellas County, Florida.  At all times material, Plaintiff was an employee of Defendant within the meaning of the Family and Medical Leave Act, the Americans with Disabilities Act, and the Florida Civil Rights Act.

4.      Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT, is a Florida Profit Corporation, authorized and doing business in this Judicial District.  At all times material, Defendant employed Plaintiff.  At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Family and Medical Leave Act, the Americans with Disabilities Act, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7.      Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8.      Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9.     On or about March 3, 2025, Plaintiff timely filed an Amended Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10.     180 days have passed since the filing of Plaintiff's Charge of Discrimination.

## FACTUAL ALLEGATIONS

11.     Plaintiff was employed by Defendant from approximately January 12, 2024 to April 26, 2025 as a Pool Supervisor.

12.     On or about July 14, 2024, Plaintiff informed Defendant of her pregnancy.

13.     A few weeks later, Alexis Whaley (Plaintiff's Supervisor) told Plaintiff that Justin Foster (Assistant General Manager) was going to be furious once he learned that Todd Holender (Executive Chef for Defendant) was the father of Plaintiff's child, even though there were no policies which prohibited interwork relationships.

14.     In or around August 2024, Carine Paar (Human Resources Director) began harassing Plaintiff for anything pregnancy related such as needing a chair to sit in or being inside to use the restroom or refill Plaintiff's water.  In addition,

when Plaintiff inquired about moving to an inside position to escape the hot sun, Ms. Paar told Plaintiff there were no inside positions available, which was not true.

15.     As Plaintiff's pregnancy progressed, Ms. Whaley suggested that Plaintiff wear men's uniform pants which were too large instead of ordering a proper maternity uniform for Plaintiff.

16.     On or about August 8, 2024, while Plaintiff was at work preparing for an upcoming storm, Plaintiff had a medical emergency related to her pregnancy which required her to go to the doctor.

17.     After visiting with the doctor, Plaintiff informed Ms. Whaley that her doctor cleared her to return to work without any restrictions; however, Mr. Foster sent Plaintiff home for two days causing her to lose income.

18.     Sometime later, Plaintiff requested that Defendant provide her with accommodations such as a late arrival, a chair to sit in, and permission to come inside for a few minutes when it became too hot outside. Instead of providing Plaintiff with a late arrival, Alexis Whaley and Justin Foster increased the number of days she was required to work the early shift.  Alexis Whaley, Justin Foster and Carine Paar also hassled Plaintiff when she needed to sit or come inside to get out of the heat.

19.     In or around September 27, 2024, Plaintiff formally submitted a reasonable accommodation and included paperwork from her physician.

20.     Alexis Whaley, Justin Foster and Carine Paar continued to retaliate against Plaintiff for requesting an accommodation by intentionally delaying the order of Plaintiff's maternity uniforms, harassing Plaintiff for wanting to sit in a chair sometimes or needing a short break when it was too hot outside. In addition, Alexis Whaley and Justin Foster continued to schedule Plaintiff to work on days that they knew Plaintiff had a doctor's appointment.

21.     On at least one occasion, Mr. Foster told Plaintiff that she was not permitted to stretch at work when having back pain. When Mr. Foster saw Plaintiff stretching in a back room away from the view of all guests, he told Plaintiff that she either needed to stop as "it was not a good look" or that Plaintiff needed to go home. This was not the first time Mr. Foster made Plaintiff go home for pregnancy-related reasons such as back pain, cramping, or morning sickness.

22.     Once management members and staff learned that Todd Holender was the father of Plaintiff's child, they began treating Plaintiff differently. In addition, all of Plaintiff's Managers including Alexis Whaley, Justin Foster, Perla (last name unknown), Taylor Oulette, and Jeff Castner, made Plaintiff work alone out by the pool hauling umbrellas, chairs, and wet towels and stripped Plaintiff of her responsibilities which allowed her to go inside from time to time.

23.     On or about December 31, 2023, Plaintiff was alone outside putting chairs on the lawn when Mr. Foster waited until she was all finished before asking Plaintiff to redo everything.

24.     On or about January 6, 2025, Plaintiff submitted a doctor's note which included bending and lifting restrictions; however, Defendant never complied with Plaintiff's limitations.  For example, Mr. Foster made Plaintiff lift 50 lb corn hole boards to put them away in 30 mph winds.

25.     Ms. Paar told Plaintiff "if you can't do that, then you can't do your job."

26.     When Plaintiff was approximately two weeks away from her due date, she requested permission to park in the parking garage as employee parking was approximately a quarter mile away from the resort.  Ms. Whaley and Taylor Oulette (Manager in Training) denied Plaintiff's request and told Plaintiff not to ask other employees for a ride.

27.     In or around February or March 2025, Plaintiff learned that Todd, the father of her child, was asking staff members if Plaintiff had accused him of raping her.

28.     In or around March 12, 2025, Plaintiff learned that Todd, the father of her child, was having a sexual relationship with Alicia Sutton of Human Resources.

29.    Plaintiff believes that Carine Paar in Human Resources was retaliating against her by refusing to respond to Plaintiff's emails, answer Plaintiff's questions, intentionally withholding information Plaintiff needed to add her son to her insurance and by withholding Plaintiff's PTO time.

30.    On or about February 7, 2025, Plaintiff delivered her child.

31.    On or about April 26, 2025, Plaintiff resigned due to the ongoing harassment she was experiencing.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

32.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 31.

33.    Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*.

34.    Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT, for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her eligible FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

35.     Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

36.     Plaintiff experienced a serious health condition within the meaning of the FMLA.

37.     Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

38.     Defendant's actions constitute violations of the FMLA.

39.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT:

   a.     Back pay and benefits;

   b.     Prejudgment interest on back pay and benefits;

   c.     Front pay and benefits;

   d.     Liquidated damages;

   e.     Attorneys' fees and costs;

   f.     Injunctive relief; and

   g.     For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT -- RETALIATION

40.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 31.

41.     Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT, retaliated against Plaintiff in violation of the FMLA in that Plaintiff's pre-eligibility request for FMLA leave was a substantial or motivating factor that prompted Defendant to take adverse employment actions against Plaintiff.

42.     Defendant's actions constitute violations of the FMLA.

43.     As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT :

        a.     Back pay and benefits;

        b.     Prejudgment interest on back pay and benefits;

        c.     Front pay and benefits;

        d.     Liquidated damages;

        e.     Attorneys' fees and costs;

        f.     Injunctive relief; and

g.    For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII – PREGNANCY DISCRIMINATION

44.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 31.

45.    Plaintiff is a member of a protected class under Title VII.

46.    By the conduct described above, Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT, engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

47.    Defendant knew or should have known of the discrimination.

48.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT :

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Punitive damages;

f.    For costs and attorneys' fees;

      g.     Injunctive relief;

      h.     For any other relief this Court deems just and equitable.

**COUNT IV**
**TITLE VII - RETALIATION**

49.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 32.

50.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and by requesting a reasonable accommodation.

51.    The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 *et seq.*

52.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages;

      e.     Pecuniary and non-pecuniary losses;

      f.     Costs and attorneys' fees;

g.  Punitive damages; and

h.  For any other relief this Court deems just and equitable.

**COUNT V**
**FCRA- PREGNANCY DISCRIMINATION**

53.  Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 31.

54.  Plaintiff is a member of a protected class under the Florida Civil Rights Act.

55.  By the conduct described above, Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT, engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the Florida Civil Rights Act.

56.  Defendant knew or should have known of the discrimination.

57.  As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT :

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.    Punitive damages;

f.    For costs and attorneys' fees;

g.    Injunctive relief;

h.    For any other relief this Court deems just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT ("FCRA") - RETALIATION

58.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 31.

59.    Plaintiff is a member of a protected class under the Florida Civil Rights Act.

60.    By the conduct described above, Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT engaged in unlawful employment practices and retaliated against Plaintiff in violation of the Florida Civil Rights Act.

61.    Defendant knew or should have known of the retaliation.

62.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Punitive damages;

f.    For costs and attorneys' fees;

g.    Injunctive relief;

h.    For any other relief this Court deems just and equitable.

**COUNT VII**
**PREGNANT WORKERS FAIRNESS ACT**
**("PWFA") FAILURE TO ACCOMMODATE AND ADVERSE ACTION**

63.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 31.

64.    Plaintiff is an individual protected by the PWFA.

65.    By the conduct described above, Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT, failed to accommodate Plaintiff on account of her pregnancy in violation of the (PWFA) and took adverse action against her after she requested accommodations.

66.    As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, CHINLE DEVELOPMENT, INC., d/b/a OPAL SANDS RESORT:

    a.      Back pay and benefits;

    b.      Interest on back pay and benefits;

    c.      Front pay and benefits;

    d.      Compensatory damages for emotional pain and suffering;

    e.      Punitive damages;

    f.      For costs and attorneys' fees;

    g.      Injunctive relief;

    h.      For any other relief this Court deems just and equitable.

## COUNT IX
### BATTERY
*(as to Todd Holender, Individually)*

67.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 31.

68.    Beginning in or around March 2024, Plaintiff and Defendant, TODD HOLENDER, began having a brief consensual personal relationship.

69.    In or around mid April 2024, Plaintiff ended the personal relationship with Mr. Holender.

70.    On or about June 1, 2024, Plaintiff learned she was pregnant with Mr. Holender's child and informed Mr. Holender of this.

71.    On or about July 4, 2024, Mr. Holender followed Plaintiff into a cooler at work, pressed himself up against her and tried to kiss her.

72.    This battery was offensive and unwanted by Plaintiff.

73.    As a direct and proximate result of the battery perpetrated on Plaintiff, Plaintiff has suffered damages, including, but not limited to, the following:

      a.    Bodily injury;

      b.    Physical pain and mental suffering, anguish, and emotional distress;

      c.    Embarrassment;

      d.    Humiliation;

      e.    Disability, inability, and loss of capacity for the enjoyment of life;

      f.    Inconvenience;

      g.    Impairment of learning ability;

      h.    Loss or diminution of learning opportunities;

      i.    Loss of dignity; and

      j.    Medical and related expenses, past and future.

**WHEREFORE,** Plaintiff, GABRIELLE CHATHAM, demands a trial by jury and judgment against Defendant, TODD HOLENDER, Individually, and for other such relief in which Plaintiff may be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

74.     Plaintiff, GABRIELLE CHATHAM, demands a trial by jury on all issues so triable.

DATED this 4th day of November, 2025.

**FLORIN | GRAY**

*/s/ Hunter A. Higdon*_____
**HUNTER A. HIGDON, ESQ.**
Florida Bar No.: 85963
hhigdon@floringray.com
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Attorneys for Plaintiff*