UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABRIELLE CHATHAM,

      Plaintiff,

v.                                   Case No.:  8:25-cv-3017-MSS-NHA

CHINLE DEVELOPMENT, INC.,
et al,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

I respectfully recommend Defendants Chinle Development, Inc. and Todd Holender's Unopposed Motion to Compel Arbitration and Stay Proceedings (Doc. 6) be granted, that the parties be ordered to submit all claims to arbitration pursuant to the parties' arbitration agreement (*see* Doc. 6-1) and that the case be stayed pending the outcome of arbitration.

### I.   Background

The Complaint alleges that Plaintiff Gabrielle Chatham was employed as a pool supervisor in Defendants' resort, from January 12, 2024 to April 26, 2025. Compl. (Doc. 1) at ¶ 11. Plaintiff alleges that Defendants discriminated against her based on her pregnancy, retaliated against her after she objected to the discrimination, denied her leave she was entitled to under the Family

Medical Leave Act, and retaliated against her for requesting FMLA leave. *See generally* Compl. (Doc. 1).

On November 4, 2025, Plaintiff filed this lawsuit. Compl. (Doc. 1). She brings claims under the FMLA, Title VII of the Civil Rights Act, the Florida Civil Rights Act, the Pregnant Workers Fairness Act, and for battery (occurring in the workplace by one of Plaintiff's colleagues). *Id.* at ¶¶ 32–73.

On December 16, 2025, in response to Plaintiff's Complaint, Defendant moved to compel arbitration and stay this action. Doc. 6. Defendant asserts that Plaintiff's employment agreement required her to submit any claim relating to her employment to binding arbitration. *See* Doc. 6 ¶ 3. Plaintiff does not oppose Defendant's motion. *Id.* p. 5.

II.    <u>Analysis</u>

Arbitration agreements are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, which "embodies a 'liberal federal policy favoring arbitration agreements.'" *Hill v. Rent–A–Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The FAA provides, in relevant part, "A written provision in any . . . contract . . . to settle by arbitration a controversy thereafter arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2. The Supreme Court has held that the FAA applies generally to

employment contracts, except those involving "transportation workers." *Circuit City v. Adams*, 532 U.S. 105, 119 (2001); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) ("Indeed, compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment-discrimination statutes.").

"The determination of the propriety of a motion to compel arbitration pursuant to [the FAA] is a two-step inquiry. The first step is to determine whether the parties agreed to arbitrate the dispute." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). "The second step . . . involves deciding whether 'legal constraints external to the parties' agreement foreclosed arbitration.'" *Id.* (quoting *Mitsubishi*, 473 U.S. at 628).

Here, the parties agreed to arbitrate the instant claims in Plaintiff's employment agreement, which provides, that the parties "agree that **any** legal dispute arriving out of or related to [Plaintiff's] employment . . . must be resolved using final and **binding** arbitration and not by a court or jury trial." Doc. 6-1 ¶ 1. The agreement specifically includes claims under Title VII, the FMLA, federal laws covering similar matters, and related common law claims.

3

*Id.* The agreement is valid under Florida law,[1] which requires that such an agreement bear the three elements of contract formation: offer, acceptance, and consideration. *See Air Prods. & Chems., Inc. v. The Louisiana Land & Exploration Co.*, 806 F.2d 1524, 1529 (11th Cir. 1986). Defendant offered Plaintiff employment under the conditions delineated in the employment agreement, which included submitting employment disputes to binding arbitration; Plaintiff accepted the offer, agreeing to work for Defendant on those terms in exchange for certain compensation. *Cf. Caley*, 428 F.3d at 1373–75 (employer's dispute resolution policy, adopted during the plaintiffs' employment, constituted an offer which the plaintiffs accepted by continuing their employment). Thus, the parties have a binding agreement to arbitrate the Title VII claims at issue here.

"Having made the bargain to arbitrate, the part[ies] should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi*, 473 U.S. at 628. The parties present no basis for precluding arbitration of the claims in this action;

---

[1] A federal court exercising diversity jurisdiction applies the forum state's choice-of-law rules. *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998). Under Florida's choice-of-law rules, *lex loci contractus* (meaning the law of the jurisdiction where the contract was executed governs substantive issues) applies. *Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1236 (11th Cir. 1995). The contract was signed in Polk County, Florida. Compl. (Doc. 1) ¶ 7.

rather, they agree to the arbitration. Doc. 7 ¶ 3. And courts have repeatedly held that Title VII claims may be made subject to mandatory arbitration agreements. *See, e.g., Caley*, 428 F.3d at 1372–73; *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313 (11th Cir. 2002).

Finally, I note that Defendant has not waived its right to arbitration. Waiver is typically implicated when parties have "invoked the litigation machinery" before reversing course and claiming that arbitration was the proper avenue all along. *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018); *see also Morgan v. Sundance, Inc.*, 596 U.S. 411, 413 (2022) ("Sometimes, [defendants] engage in months, or even years, of litigation—filing motions to dismiss, answering complaints, and discussing settlement—before deciding they would fare better in arbitration. When that happens, the court faces a question: Has the defendant's request to switch to arbitration come too late?"). Here, Defendant did not participate in the litigation but, rather, promptly moved to compel arbitration. Doc. 6. Thus, there is no waiver.

Once the Court is satisfied that an arbitration agreement is enforceable, the FAA provides that a court must stay the trial of the action until such arbitration has been held under the terms of the agreement. 9 U.S.C. § 3. The Eleventh Circuit has highlighted the propriety of staying an action pending arbitration in accordance with this section. *See Bender v. A.G. Edwards &*

*Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that the state law claims were subject to arbitration, but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."); *Caley*, 428 F.3d at 1368 (stating that the "FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration'" under a written arbitration agreement). Accordingly, a stay is appropriate here.

III.    Conclusion

For the reasons stated, I respectfully **RECOMMEND**:

(1)    Defendant's unopposed motion to compel arbitration (Doc. 6) be GRANTED;

(2)    The parties be ORDERED to submit all claims in Plaintiff's Complaint to arbitration, as specified in the parties' agreement (*see* Doc. 6-1); and

(3)    This case be STAYED pending the outcome of arbitration.

SUBMITTED for the District Court's consideration on December 17, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.